UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>vs.<br><br>DARIN W. BARE,<br><br>               Defendant. | **MEMORANDUM DECISION<br>AND ORDER**<br><br>Case No. 2:13-cr-091 CW<br><br>Judge Clark Waddoups |

The United States has moved, pursuant to rules 32.2 and 36 of the Federal Rules of Criminal Procedure, to amend the judgement entered against the defendant Darin W. Bare on September 6, 2016 to include a judgment of forfeiture. (Dkt No. 52). Although a preliminary order of forfeiture was entered on July 16, 2013 (Dkt. No. 17), such an order becomes final only at sentencing. Fed. R. Crim. P. 32.2(b)(4)(A). To become final at sentencing, "[t]he court must include the forfeiture when orally announcing the sentence or must otherwise ensure that the defendant knows of the forfeiture at sentencing." Fed. R. Crim. P. 32.2(b)(4)(B). The court must also include the order of forfeiture in the judgment. *Id.* If the forfeiture has been orally announced at sentencing, but through clerical error it is not include in the judgment, the court may correct the judgment. *Id.*

The United States represents in its motion that on "September 7, 2016, the Court imposed sentence on Mr. Bare and orally imposed forfeiture." (Dkt. No. 52 at 1). The court has reviewed

the transcript of the sentencing hearing. The court did not order forfeiture, nor did the court discuss forfeiture to ensure that Mr. Bare know of the possibility of forfeiture at the time of sentencing. Based on Rule 32.2, the court may not correct the judgment under Rule 36 to add forfeiture in the absence of orally ordering forfeiture.

Moreover, during the sentence hearing which involved extensive discussion of restitution, supervised release, and factors to be considering in imposing sentence, neither the United States nor counsel for the defendant discussed forfeiture. The financial claims in this case were sufficiently complex as to raise important questions both about the amount and the nexus to the conduct charged. To order forfeiture now under Rule 36, which only allows for the correction of a clerical error, would raise a serious concern of prejudice to the defendant.

The motion is denied. (Dkt. No. 52).

SO ORDERED this 19th day of October, 2016.

> BY THE COURT:
>
> *[signature]*
>
> Clark Waddoups
> United States District Judge